THE STATE EX REL. SMITH, APPELLANT, v. McGEE, JUDGE, APPELLEE.

[Cite as State ex rel. Smith v. McGee, 144 Ohio St.3d 50, 2015-Ohio-2748.]

(No. 2014–1009—Submitted January 13, 2015—Decided July 9, 2015.)

**Per Curiam.**

{¶ 1} We affirm the judgment of the Second District Court of Appeals dismissing a petition for writs of mandamus and procedendo. Appellant, Darryl Smith, sought the writs to compel appellee, Judge Frances McGee, to vacate Smith's conviction in one case and reinstate probation in another. We affirm because Smith has an adequate remedy in the ordinary course of the law by way of appeal.

*Facts*

{¶ 2} Smith alleged that he was convicted of nine counts of rape, two counts of gross sexual imposition, and one count of the unauthorized use of a motor vehicle, with specifications, in 1986. He was sentenced to 16½ to 30 years in prison. Smith alleges that he was classified as a sexually oriented offender in 1999, after Megan's Law, Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, was enacted. He alleged in his petition that he was released on parole in June 2006.

{¶ 3} Smith alleged that he was convicted of failure to verify in 2007, sentenced to three years in prison, which was suspended, and placed on five years of community control.

{¶ 4} The Adam Walsh Act, 2007 Am.Sub.S.B. No. 10, which led to the reclassification of all sex offenders, became effective in 2008. Smith claimed that he was reclassified as a Tier III offender, arrested, and convicted in 2008 of failure to notify under the Adam Walsh Act. He was sentenced to three years in prison for the 2008 conviction and was ordered to serve the three-year term imposed in 2007 concurrently with the sentence imposed for the new conviction. Smith alleged also that his parole from his original conviction was revoked, that he has been in prison since 2008, and that he has been denied parole on several occasions.

{¶ 5} On June 11, 2012, Smith filed motions for de novo resentencing in the Montgomery County Court of Common Pleas in the 2007 and 2008 cases.

{¶ 6} Smith argued in his motions for de novo resentencing that portions of the Adam Walsh Act were held unconstitutional in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, and thus that he had improperly been reclassified as a Tier III offender. He asked that his 2007 and 2008 convictions be vacated and the community-notification and registration orders imposed on him in 2007 before the Adam Walsh Act became effective be reinstated.

{¶ 7} Judge McGee, after construing Smith's motions for de novo resentencing as a petition for postconviction relief, denied both motions. Smith appealed the decision in the 2008 case, but it is not clear whether he appealed the decision in the 2007 case.

{¶ 8} On November 21, 2013, Smith filed this action seeking writs of mandamus and procedendo, asserting that Judge McGee must vacate his conviction in the 2008 case, reclassify him as he was classified before the Adam Walsh Act became effective, and reinstate the community-control sanctions imposed in the 2007 case.

{¶ 9} Judge McGee filed a motion to dismiss, which the court of appeals granted. Smith has now appealed to this court.

### Analysis

{¶ 10} To be entitled to a writ of procedendo, Smith must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas,* 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna,* 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

{¶ 11} To be entitled to a writ of mandamus, Smith must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge McGee to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth,* 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 12} This is an appeal from a judgment granting a motion to dismiss. We therefore accept the allegations in Smith's complaint as true. *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 8. Even if his allegations are true, however, Smith has not established the right to writs of procedendo or mandamus.

{¶ 13} Regardless of the merits of his arguments, Smith has an adequate remedy in the ordinary course of the law that precludes both writs. Specifically, Smith appealed Judge McGee's denial of his motion for de novo resentencing in one case and could have appealed the denial of his motion in the second case. Appeal is an adequate remedy precluding writs of procedendo and mandamus. *State ex rel. Ward v. Reed,* 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 12, citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health,* 77 Ohio St.3d 247, 250, 673 N.E.2d 1281 (1997), and *State ex rel. Sevayega v. McMonagle,* 122 Ohio St.3d 54, 2009-Ohio-2367, 907 N.E.2d 1180, ¶ 1.

{¶ 14} Therefore, we affirm the dismissal of Smith's petition for writs of procedendo and mandamus because Smith had or has an adequate remedy in the ordinary course of the law.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

PFEIFER, LANZINGER, and O'NEILL, JJ., dissent.

———————

**PFEIFER, J., dissenting.**

{¶ 15} Smith was convicted of several counts of rape and other offenses and imprisoned. *State v. Smith,* 2d Dist. Montgomery No. 10114, 1987 WL 17799 (Oct. 2, 1987). After the enactment of Megan's Law, Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, he was classified as a sexually oriented offender, subject to various reporting requirements. In 2008, Megan's Law was supplanted by the Adam Walsh Act, 2007 Am.Sub.S.B. No. 10, which has been the subject of much litigation in Ohio, including, notably, *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753.

{¶ 16} Smith alleges that he is currently in prison based on his convictions for failure to comply with certain reporting requirements under the Adam Walsh Act. He asserts that he should be subject to the reporting requirements of Megan's Law, not the more onerous reporting requirements of the Adam Walsh Act, some of which have been held unconstitutional. Smith is proceeding pro se and, not surprisingly, given the dense thicket that is post-*Bodyke* sentencing litigation, his arguments are somewhat muddled. The bottom line is that he could be right in asserting that he is being held unjustifiably for violating reporting requirements that he might not have been required to follow.

{¶ 17} This case is substantially similar to *State v. Gingell,* 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192. In that case, a defendant convicted of rape before Megan's Law was enacted was reclassified as a Tier III sexual offender under the Adam Walsh Act. He was then convicted for failure to register under provisions of the Adam Walsh Act. Once some of the reporting requirements in the Adam Walsh Act were held unconstitutional in *Bodyke,* Gingell's original classification under Megan's Law was reinstated. We vacated Gingell's conviction for violating the reporting requirements under the Adam Walsh Act, but we did not determine whether he met the reporting requirements imposed by Megan's Law. *Id.* at ¶ 8.

{¶ 18} To afford substantial justice to the pro se relator in this case, I would grant the writs and require the trial court to determine which reporting require-

ments Smith is subject to and the current state of his compliance with those requirements.

{¶ 19} I dissent.

LANZINGER and O'NEILL, JJ., concur in the foregoing opinion.

_____

Darryl Smith, pro se.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Carley J. Ingram, Assistant Prosecuting Attorney, for appellee.