**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Dillon v. Cottrill,* **Slip Opinion No. 2016-Ohio-626.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-626

[THE STATE EX REL.] DILLON, APPELLANT, *v.* COTTRILL, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Dillon v. Cottrill,* **Slip Opinion No. 2016-Ohio-626.]**

*Mandamus—Trial court has no legal duty to issue findings of fact and conclusions of law when it dismisses an untimely petition for postconviction relief— Appeal is an adequate remedy in the course of the law—Denial of petition for writ of mandamus affirmed.*

(No. 2015-0969—Submitted December 1, 2015—Decided February 24, 2016.)

APPEAL from the Court of Appeals for Muskingum County, No. CT2014-0053, 2015-Ohio-1785.

_____

**Per Curiam.**

{¶ 1} We affirm the Fifth District Court of Appeals' judgment dismissing a petition for a writ of mandamus.

**{¶ 2}** Appellant, Randy Dillon, was convicted of rape, attempted murder, kidnapping, and burglary. *State v. Dillon*, 5th Dist. Muskingum No. 2008-CA-37, 2009-Ohio-3134, ¶ 1. He was sentenced to life in prison for the rape conviction and to an aggregate term of 28 years for the remaining convictions. *Id*. at ¶ 19. On appeal, his convictions were affirmed, *id*. at ¶ 122, and we declined jurisdiction, *State v. Dillon*, 123 Ohio St.3d 1495, 2009-Ohio-6015, 916 N.E.2d 1075.

**{¶ 3}** Dillon filed a postconviction-relief petition in the Muskingum County Common Pleas Court in December 2014. Dillon acknowledged that his petition was untimely, but he contended that he had been unavoidably prevented from discovering evidence in his case, which he claimed excused his late filing under R.C. 2953.21. Appellee, Judge Kelly J. Cottrill, denied the petition without issuing findings of fact or conclusions of law.

**{¶ 4}** Dillon filed this action in the Fifth District Court of Appeals in December 2014, requesting a writ of mandamus compelling Judge Cottrill to issue findings of fact and conclusions of law with respect to the denial of his postconviction-relief petition. The court of appeals denied the writ, 5th Dist. Muskingum No. CT2014-0053, 2015-Ohio-1785, and Dillon appealed.

**{¶ 5}** To be entitled to a writ of mandamus, a relator must establish a clear legal right to the requested relief, a clear legal duty on the part of the respondent to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. And under Ohio law, a trial court has no legal duty to issue findings of fact and conclusions of law when it dismisses an untimely petition for postconviction relief. *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6. "This rule applies even when the defendant * * * claims, under R.C. 2953.23, that he was unavoidably prevented from discovery of the facts to present his claim for post-conviction relief." *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 102 Ohio St.3d 75, 2004-Ohio-1800, 806 N.E.2d 554,

¶ 9.  Dillon therefore failed to prove by clear and convincing evidence that he has a legal right to compel Judge Cottrill to issue findings of fact and conclusions of law or that Judge Cottrill has a legal duty to do so.

{¶ 6} Moreover, Dillon had an adequate remedy in the ordinary course of the law in that he could have appealed the denial of his petition for postconviction relief.  *See State ex rel. Smith v. McGee*, 144 Ohio St.3d 50, 2015-Ohio-2748, 40 N.E.3d 1105,  ¶ 13-14 ("Appeal is an adequate remedy precluding writs of procedendo and mandamus"), citing *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 12; *see also* R.C. 2731.05.

{¶ 7} Because Dillon had no clear legal right to the relief he requested, Judge Cottrill had no clear duty to provide it, and Dillon had an adequate remedy at law, we affirm the court of appeals' denial of his petition for a writ of mandamus.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Randy Dillon, pro se.

_____