[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Littlepage v. Deters,* Slip Opinion No. 2016-Ohio-7467.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7467

THE STATE EX REL. LITTLEPAGE, APPELLANT, *v.* DETERS, PROS. ATTY., ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Littlepage v. Deters,* Slip Opinion No. 2016-Ohio-7467.]**

*Mandamus—Writ sought to compel prosecuting attorney to produce discovery—Crim.R. 16(M) provides that demands for discovery and motions to compel discovery must be made before trial—Appellant has an adequate remedy in the ordinary course of the law in that he can appeal trial court's rulings on his motions—Court of appeals' dismissal of mandamus action affirmed.*

(No. 2016-0379—Submitted August 16, 2016—Decided October 27, 2016.)

APPEAL from the Court of Appeals for Hamilton County, No. C-160004.

————————————

**Per Curiam.**

{¶ 1} We affirm the First District Court of Appeals' dismissal of this action in mandamus filed by appellant, Daniel Littlepage.  Littlepage was indicted for

murder and aggravated murder, both with firearm specifications. He initially pleaded not guilty by reason of insanity, but later changed his plea to guilty to the count of aggravated murder. In January 2014, he was sentenced to 99 years to life for the aggravated-murder conviction, with parole eligibility after 20 years, and to three years for the gun specification, which is to be served consecutively to the aggravated-murder sentence.

{¶ 2} The court of appeals affirmed the conviction and affirmed the denial of Littlepage's petition for postconviction relief. In July 2015, Littlepage made a request for additional discovery, and in August, he filed motions to compel discovery.

{¶ 3} On January 5, 2016, Littlepage filed a petition in mandamus in the First District Court of Appeals, requesting a writ ordering respondent Hamilton County Prosecutor Joseph Deters to produce the discovery relevant to his case.[1] The court of appeals granted respondents' motions to dismiss on the basis that the issues raised in the petition had been decided on direct appeal and in the appeal of the denial of Littlepage's petition for postconviction relief. Littlepage has appealed to this court.

{¶ 4} To obtain a writ of mandamus, Littlepage must show a clear legal right to the requested relief, a clear legal duty on the part of Deters to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Littlepage must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

---

[1] The petition also requests a writ ordering Littlepage's trial attorney to turn over his case file. Respondent Daniel F. Burke Jr., Littlepage's trial attorney, mailed the file to Littlepage in January 2016. The case as to Burke is therefore moot.

**{¶ 5}** Deters argues that Littlepage's right to discovery is authorized only by procedural rule and that Crim.R. 16 allows discovery only before trial.

**{¶ 6}** Deters is correct. Crim.R. 16(M) states:

> **Time of Motions**. A defendant shall make his demand for discovery within twenty-one days after arraignment or seven days before the date of trial, whichever is earlier, or at such reasonable time later as the court may permit. A party's motion to compel compliance with this rule shall be made no later than seven days prior to trial, or three days after the opposing party provides discovery, whichever is later. The motion shall include all relief sought under this rule. A subsequent motion may be made only upon showing of cause why such motion would be in the interest of justice.

Thus, Littlepage had until seven days prior to his trial or three days after the prosecutor provided discovery to move to compel discovery. He has given no reason why ordering discovery now would be in the interest of justice. Therefore, Deters has no legal duty to provide discovery, and Littlepage has no legal right to discovery.

**{¶ 7}** Moreover, Littlepage has an adequate remedy in the ordinary course of the law in that once the trial court rules on his motion for discovery and motions to compel discovery, he may appeal. *State ex rel. Dillon v. Cottrill*, 145 Ohio St.3d 264, 2016-Ohio-626, 48 N.E.3d 552, ¶ 6 (appeal is an adequate remedy precluding mandamus).

**{¶ 8}** Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Daniel Littlepage, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Rachel Lipman Curran, Assistant Prosecuting Attorney, for appellee Joseph T. Deters.

Raymond T. Faller, Hamilton County Public Defender, and Daniel F. Burke Jr., Assistant Public Defender, for appellee Daniel F. Burke Jr.

_____