[Cite as *State ex rel. Davis v. Sutula*, 2017-Ohio-7486.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105868

## STATE OF OHIO, EX REL.
## DWAYNE DAVIS

RELATOR

vs.

## JUDGE KATHLEEN ANN SUTULA

RESPONDENT

**JUDGMENT:**
WRITS DENIED

Writs of Procedendo and Mandamus
Motion No. 508494
Order No. 509514

**RELEASE DATE:**   September 6, 2017

**FOR RELATOR**

Dwayne Davis, pro se
Inmate No. 644-653
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio   44030


**ATTORNEYS FOR RESPONDENT**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    James E. Moss
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

TIM McCORMACK, J.:

**{¶1}** On June 5, 2017, relator, Dwayne Davis, commenced this procedendo and mandamus action against the respondent, Judge Kathleen Ann Sutula. Davis seeks an order compelling the judge to render a ruling and also issue findings of fact and conclusions of law on his petition for postconviction relief filed on January 10, 2017, in *State v. Davis*, Cuyahoga C.P. No. CR-13-574008-A. For the reasons that follow, we grant respondent's motion and deny relator's request for a writ of procedendo or a writ of mandamus.

### A.   Procedural History and Facts

**{¶2}** In 2013, Davis pleaded guilty to and was convicted of two counts of burglary and one count of intimidation of a crime victim or witness. He was sentenced to ten years in prison. On March 12, 2015, this court granted Davis's request for a delayed appeal, and he subsequently filed the transcript of the lower court proceedings on April 30, 2015. On October 29, 2015, this court ultimately affirmed Davis's convictions but remanded for the trial court to enter a nunc pro tunc entry to incorporate the findings made at the sentencing hearing into the journal entry. *See State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501.

**{¶3}** On January 10, 2017 — more than 365 days from the date on which the trial transcript was filed in his direct appeal, Davis filed a "petition to vacate or set aside judgment of conviction or sentence," which is the subject of this action. After Davis

commenced the underlying action on June 5, 2017, the trial court denied the petition on June 28, 2017, noting that the petition was untimely.

**{¶4}** Judge Sutula has moved for summary judgment on the grounds that the trial court has ruled on the motion, thereby rendering Davis's petition moot, and that the trial court has no duty to issue findings of fact and conclusions of law because the petition was untimely under R.C. 2953.21. Davis, however, opposed the motion for summary judgment, arguing that the trial court still has a duty to issue findings of fact and conclusions of law because he was "unavoidably prevented" from discovering the facts supporting his petition. Davis's arguments and allegations of his petition, however, fail to satisfy the standards for either a writ of mandamus or a writ of procedendo.

**B.    Mandamus and/or Procedendo to Compel Ruling and Issuance of Findings of Fact and Conclusions of Law**

**{¶5}** In order to obtain a writ of mandamus/procedendo, Davis must establish, through clear and convincing evidence, that he possesses a clear legal right to the requested relief, that Judge Sutula possesses a clear legal duty to provide the requested relief, and that Davis lacks an adequate remedy in the ordinary course of the law. *State ex rel. Arnold v. Gallagher*, 8th Dist. Cuyahoga No. 105351, 2017-Ohio-4076, ¶ 7, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452. Neither procedendo nor mandamus, however, will compel the performance of a duty that has already been performed. *State ex rel. Howard v. Doneghy*, 102 Ohio St.3d 355, 2004-Ohio-3207, 810 N.E.2d 958, ¶ 2. Under such circumstances, the complaint is moot. *Id.*

**{¶6}** Attached to Judge Sutula's motion for summary judgment is a certified copy of a journal entry, filed-stamped June 28, 2017, that demonstrates Davis's petition was ruled upon. Davis's request for a ruling is therefore moot.

**{¶7}** Further, contrary to Davis's assertion, the trial court had no duty to issue findings of fact and conclusions of law because of the untimeliness of the petition. As stated by the Ohio Supreme Court, "a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely [postconviction-relief] petition." *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6. "This rule applies even when the defendant * * * claims, under R.C. 2953.23, that he was unavoidably prevented from discovery of the facts to present his claim for post-conviction relief." *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 102 Ohio St.3d 75, 2004-Ohio-1800, 806 N.E.2d 554, ¶ 9; *see also State ex rel. Dillon v. Cottrill*, 145 Ohio St.3d 264, 2016-Ohio-626, 48 N.E.3d 552, ¶ 5. Davis therefore fails to prove by clear and convincing evidence that he has a legal right to compel Judge Sutula to issue findings of fact and conclusions of law or that Judge Sutula has a legal duty to do so. *Cottrill* at *id*.

**{¶8}** Moreover, Davis has an adequate remedy in the ordinary course of law by way of appealing the trial court's denial of his petition for postconviction relief. *See Cottrill* at ¶ 6, citing *State ex rel. Smith v. McGee,* 144 Ohio St.3d 50, 2015-Ohio-2748, 40 N.E.3d 1105, ¶ 13-14, ("Appeal is an adequate remedy precluding writs of procedendo and mandamus"), citing *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50,

2014-Ohio-4512, 21 N.E.3d 303, ¶ 12.   Indeed, Davis has appealed the judgment, which is pending before this court.   *See State v. Davis*, 8th Dist. Cuyahoga No. 106012 (notice of appeal filed July 18, 2017).

{¶9}   Accordingly, Judge Sutula's motion for summary judgment is granted, and Davis's complaint for mandamus and/or procedendo is denied.   Relator to pay costs; costs waived.   The court directs the clerk of courts to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶10}   Writs denied.

_____

TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY EILEEN KILBANE, J., CONCUR