[Cite as *State v. McDaniel*, 2017-Ohio-8123.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-17-1222

    Appellee                                    Trial Court No.  CR0201201859

v.

Demeko McDaniel                          **DECISION AND JUDGMENT**

    Appellant                                    Decided:  October 4, 2017

* * * * *

Julia Bates, Lucas County Prosecuting Attorney,
for appellee

Demeko McDaniel, pro se

* * * * *

**PER CURIAM.**

{¶ 1}  This case is before the court sua sponte.  It has come to the court's attention that the order from which this appeal is taken, which entered findings of facts and conclusions of law pursuant to Crim.R. 12(F), following an order denying appellant's

motion to withdraw his plea, is not final and appealable and we do not have jurisdiction to hear this appeal.

## Relevant Procedural Background

{¶ 2} The record reflects that appellant was convicted of murder with specification, and aggravated robbery with specification on February 14, 2013, and was sentenced to an aggregate term of imprisonment of 25 years to life. Appellant did not file an appeal from the judgment of conviction and sentencing entry. Rather, appellant filed a motion to withdraw his plea, which was denied by the trial court on September 26, 2013. Appellant then filed subsequent motions to withdraw his plea on December 12, 2013 and February 4, 2014, which were denied on March 7, 2014. Appellant appealed from the March 7 judgment, and the appeal was dismissed on June 24, 2014, for failure to file a brief. *State v. McDaniel*, 6th Dist. Lucas. No. L-14-1068 (June 24, 2014). Appellant then filed a motion for a delayed appeal from the February 14, 2013 judgment of conviction and sentencing entry, and that motion was denied on April 21, 2016. *State v. McDaniel*, 6th Dist. Lucas No. L-16-1051 (Apr. 21, 2016).

{¶ 3} Following the denial of his motion for a delayed appeal, appellant filed another motion to withdraw his plea on December 2, 2016. Thereafter, a subsequent motion to withdraw his plea and a petition to vacate or set aside his judgment of conviction or sentence were filed on May 1, 2017. The motions were denied in a judgment entered on June 21, 2017, and no appeal was filed from that judgment. Thereafter, on July 19, 2017, appellant filed a "Motion Requesting Essential findings on

2.

Defendant's Motion to Withdraw Guilty Plea Pursuant to Crim.R. 12(F)." On August 10, 2017, the trial court entered the findings pursuant to Crim.R. 12(F), and this appealed followed.

## Final, Appealable Order Analysis

{¶ 4} This court only has jurisdiction to hear appeals from final orders. Ohio Constitution, Article IV, Section 3(B)(2), states "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *."

{¶ 5} R.C. 2505.02 defines what is a final, appealable order, and states in pertinent part:

(A) As used in this section:

(1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

(2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

(3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, * * *.

3.

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 6} The order entering findings of fact pursuant to Crim.R. 12(F), on a post-conviction judgment denying a motion to withdraw a plea pursuant to Crim.R. 32.1, does not fit into any of the categories of this statute. The order was entered pursuant to Crim.R. 12(F), which only applies to pretrial motions.

{¶ 7} Crim.R. 12(F) states:

4.

The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means. A motion made pursuant to divisions (C)(1) to (C)(5) of this rule shall be determined before trial. Any other motion made pursuant to division (C) of this rule shall be determined before trial whenever possible. Where the court defers ruling on any motion made by the prosecuting attorney before trial and makes a ruling adverse to the prosecuting attorney after the commencement of trial, and the ruling is appealed pursuant to law with the certification required by division (K) of this rule, the court shall stay the proceedings without discharging the jury or dismissing the charges. Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.

{¶ 8} Crim.R. 12(F) applies to pleadings and motions before trial including pretrial motions outlined in Crim.R. 12(C). *See State v. Glime*, 9th Dist. Lorain No. 01CA007856, 2001 Ohio App. LEXIS 4823, *7; *State v. Farley*, 4th Dist. Lawrence No. 02CA32, 2003-Ohio-7338, ¶ 27-30. Appellant's motion to withdraw his plea is not a pretrial pleading or motion, nor is it one outlined in Crim.R. 12(C). Accordingly, the trial court's order entered pursuant to Crim.R. 12(F) is a nullity. It does not determine the action or prevent a judgment in favor of appellant, and appellant was not entitled to such a judgment.

**{¶ 9}** Furthermore, to the extent that the trial court's August 10, 2017 judgment is an order entering findings on appellant's motion to vacate or set aside his conviction or sentence, we also find that it is a nullity as trial courts are not required to enter findings of fact and conclusions of law on untimely petitions for postconviction relief. "[U]nder Ohio law, a trial court has no legal duty to issue findings of fact and conclusions of law when it dismisses an untimely petition for postconviction relief. *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6; *State ex rel. Dillon v. Cottrill*, 145 Ohio St.3d 264, 2016-Ohio-626, 48 N.E.3d 552, ¶ 5; *State v. Allen*, 6th Dist. Lucas No. L-15-1191, 2016-Ohio-2666, ¶ 16. "This rule applies even when the defendant * * * claims, under R.C. 2953.23, that he was unavoidably prevented from discovery of the facts to present his claim for post-conviction relief." *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 102 Ohio St.3d 75, 2004-Ohio-1800, 806 N.E.2d 554, ¶ 9.

### Conclusion

**{¶ 10}** Finding that this court lacks jurisdiction over the trial court's August 10, 2017 judgment, the appeal is dismissed. Appellant is ordered to pay the costs of the appeal pursuant to App.R. 24.

It is so ordered.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                        JUDGE

Arlene Singer, J.

                                                          _____
Thomas J. Osowik, J.                                            JUDGE
CONCUR.

                                                          _____
                                                                        JUDGE