[Cite as *State v. Kiinley*, 2018-Ohio-2423.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2016-CA-11 |
| | : | |
| v. | : | T.C. NO. 89CR65 |
| | : | |
| JUAN KINLEY | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# **O P I N I O N**

Rendered on the 22nd day of June, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

KATHRYN L. SANDFORD, Atty. Reg. No. 0063985 and RANDALL L. PORTER, Atty. Reg. No. 0005835, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
        Attorneys for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1}  Juan Kinley appeals from a judgment of the Clark County Court of Common Pleas, which summarily denied, without a hearing, his second petition for postconviction relief.   For the following reasons, the judgment of the trial court will be affirmed.

**Procedural History**

{¶ 2}  In 1991, Kinley was convicted by a three-judge panel of the aggravated murders of his former girlfriend and her twelve-year-old son.   Kinley was sentenced to death.   His conviction was affirmed by this court, *State v. Kinley,* 2d Dist. Clark No. 2826, 1993 WL 224496 (June 24, 1993), and by the Supreme Court of Ohio, *State v. Kinley*, 72 Ohio St.3d 491, 651 N.E.2d 419 (1995).

{¶ 3}  In 1996, Kinley filed a petition for postconviction relief pursuant to R.C. 2953.21.   The trial court initially dismissed his petition without a hearing, but on appeal we determined that Kinley had been entitled to a hearing on two of his claims, including a claim that two State's witnesses who testified against him at trial had committed perjury to obtain leniency from the State; one of the witnesses in question was Donald Merriman, and the petition attached affidavits from Merriman stating that his testimony at trial was false.   We reversed the trial court's judgment in part and remanded for a hearing.   *State v. Kinley*, 136 Ohio App.3d 1, 735 N.E.2d 921 (2d Dist.1999).

{¶ 4}  On remand, the trial court held an evidentiary hearing at which Kinley presented evidence on two matters, including Merriman's alleged perjury at trial when he (Merriman) testified that Kinley had admitted to Merriman that Kinley had committed the murders.   Two affidavits from Merriman were presented in support of this claim, but he could not be located to testify at the hearing.   The trial court denied Kinley's petition.

Kinley again appealed, and we affirmed the trial court's denial of his petition. *State v. Kinley*, 2d Dist. Clark No. 2001 CA 38, 2002 WL 538894 (Apr. 12, 2002). Kinley appealed, and on September 11, 2002, the Supreme Court of Ohio declined to accept jurisdiction. *State v. Kinley*, 96 Ohio St.3d 1492, 2002-Ohio-4534, 774 N.E.2d 766 (Table).

{¶ 5} In 2003, Kinley filed a petition for a writ of habeas corpus in federal district court which raised, among other issues, the alleged false and inaccurate testimony Merriman offered at Kinley's trial. Kinley also asserted that the prosecution had knowingly used the perjured testimony, in violation of his constitutional rights. The federal court initially granted Kinley's motion to expand the record by filing the May 24, 2006 deposition of Merriman, which counsel took in the habeas case; "[i]n that deposition, Mr. Merriman essentially testified, inter alia, that he lied when he testified at Mr. Kinley's trial and that his affidavit testimony was true." *Kinley v. Bradshaw*, S.D.Ohio No. 3:03-CV-127, 2011 WL 12505560, * 85 (June 30, 2011). However, the federal court decided that it could not consider the deposition. It further concluded that it could not find that the state court's decision in the postconviction matter was an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, and it held the claim for relief regarding Merriman's alleged perjury to be without merit. *Id.* at * 86. This claim and the others raised in the habeas petition were denied. Kinley appealed to the Sixth Circuit which, on his motion, stayed the federal appeal "pending other court proceedings." *Kinley v. Bradshaw*, 6th Cir. No. 14-4063 (Feb. 18, 2015).

{¶ 6} On May 20, 2015, Kinley filed the petition for postconviction relief now before us. The petition was again based on the alleged false testimony of Merriman at

Kinley's trial and the prosecution's use of that testimony, allegedly knowing it to be false. The State did not respond to the petition, but on July 29, 2015, it filed a motion for leave to file a motion to dismiss instanter, with its proposed motion to dismiss attached. The trial court did not rule on the State's motion for leave to file a motion to dismiss, but on January 27, 2016, the trial court "overruled" the petition.

{¶ 7}  Kinley raises seven assignments of error on appeal.

**Failure to Rule on State's Motion for Leave to File Motion to Dismiss**

{¶ 8}  In his first assignment of error, Kinley argues that the trial court erred in granting the State's motion to dismiss without first ruling on the State's motion for leave to file such a motion, thereby depriving Kinley of an opportunity to respond to the motion to dismiss.

{¶ 9}  The trial court's judgment did not expressly grant the State's motions; rather, it stated in its entirety:

> This matter was before the Court on the defendant's May 20, 2015 petition for post-conviction relief.
>
> The Court finds the defendant's petition for post-conviction relief to be a successive one. His first petition for post-conviction relief was filed on or about September 20, 1996. Accordingly, the Court has no duty to issue findings of fact and conclusions of law when ruling on the successive petition herein. State ex rel. Carroll v. Corrigan, 84 Ohio St.3d 529 (1999).
>
> The Court has carefully reviewed and considered the defendant's petition and the State's response/motion to dismiss. The defendant's petition is hereby OVERRULED.

{¶ 10} Kinley claims that the trial court erred in ruling on the petition without giving him an opportunity to respond to the motion to dismiss. R.C. 2953.21(E) (formerly (D)),[1] upon which Kinley relies, provides that the State "shall respond by answer or motion," but makes no explicit provision for the petitioner to reply.

{¶ 11} We note that *State ex rel. Carroll v. Corrigan*, 84 Ohio St.3d 529, 705 N.E.2d 1226 (1999) (cited by the trial court), holding that there is no duty to issue findings of fact and conclusions of law on a successive petition, was based on a previous version of R.C. 2953.23(A), which provided that "the court may, in its discretion and for good cause shown, entertain a second petition or successive petitions for similar relief * * * based upon the same facts or on newly discovered evidence."[2] *Carroll* and its progeny held that, since entertaining a second petition was within the sound discretion of the court, so too was its decision to issue findings of fact and conclusions of law in dismissing a second or successive petition.

{¶ 12} More recent versions of R.C. 2953.23(A) do not contain this provision for "discretion." At all times relevant to this appeal, R.C. 2953.23(A) provided:

> * * * [A] court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

---

[1] R.C. 2953.21 and R.C. 2953.23 were amended by Am. Sub. S.B.139, effective April 6, 2017; some of the sections and subsections have been renumbered.

[2] The "in its discretion and for good cause shown" provision of R.C. 2953.23(A), which was discussed in the *Carroll* decision, was removed in 1995 by Am.Sub.S.B. No. 4. This change is unrelated to the 2017 changes which are discussed elsewhere in this Opinion.

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1). R.C. 2953.23(A)(2) relates to DNA testing and is not relevant to this appeal.

{¶ 13} R.C. 2953.21(H) (formerly (G)), which was added by S.B. 4 in 1995, now provides that "[i]f the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." The Supreme Court has held that the failure to file findings makes a judgment not a final appealable order. *State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3, 469 N.E.2d 843 (1984); *State v. Sapp*, 2d Dist. Clark No. 2002-CA-8, 2002-Ohio-3922.

{¶ 14} However, *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-

Ohio-7042, 781 N.E.2d 155, ¶ 6, citing this court's decision in *State v. Hansbro,* 2d Dist. Clark No. 2001-CA-88, 2002-Ohio-2922, holds that a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely petition. *See also State ex rel. Dillon v. Cottrill,* 145 Ohio St.3d 264, 2016-Ohio-626, 48 N.E.3d 552, ¶ 5 (petitioner is not entitled to writ of mandamus compelling trial judge to issue findings of fact and conclusions of law with respect to denial of a petition for postconviction relief, because there is no legal duty to issue such findings and conclusions when dismissing an untimely petition).

{¶ 15} This is Kinley's second petition for postconviction relief; the first one was denied, and the trial court's decision was affirmed on appeal. R.C. 2953.21(A)(2) provides that, except as provided in R.C. 2953.23, a petition shall be filed no later than 365 days from the filing of the transcript on direct appeal of the original conviction, a time long past in this case. R.C. 2953.23(A) sets forth requirements for untimely or second or successive petitions, and we have characterized these requirements as "jurisdictional." *See, e.g., State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16; *State v. Brewer*, 2d Dist. Montgomery No. 24910, 2012-Ohio-5406, ¶ 8. If the postconviction statutes did not confer jurisdiction upon the common pleas court to entertain Kinley's petition (because it was untimely), the trial court could overrule the petition at any time, notwithstanding that a motion for leave to file an untimely motion to dismiss was pending or that there was never a response to the petition by the State. Therefore, the first question is whether this second or successive petition was denied as untimely, or if, as Kinley alleges, the petition could be filed after the expiration of 365 days for one of the reasons set forth in R.C. 2953.23(A)(1). This analysis is made more

difficult by the conclusory nature of the trial court's decision.

{¶ 16} Again, as we stated above, pursuant to R.C. 2953.23(A)(1) and as relevant here, an untimely, second, or successive petition may be entertained only if the petition shows that 1) the petitioner was unavoidably prevented from discovery of the facts (here, the alleged perjured testimony of Merriman) upon which the petition must rely to present the claim for relief and 2) shows by clear and convincing evidence that but for constitutional error at trial (the prosecution's alleged knowing use of the perjured testimony), no reasonable factfinder would have found the petitioner guilty.

{¶ 17} Kinley's first petition for postconviction relief had presented the same arguments that he raises in his second petition, i.e, that Merriman had lied when he testified at trial and that the State knew of this lie. Only the nature and extent of the evidence offered in support of this claim (Merriman's deposition testimony, in addition to Merriman's affidavits on which Kinley relied in the first petition) were different.[3] Merriman's trial testimony contradicted the statements in his affidavits and deposition. As we said in our 2002 Opinion in this case, "it is impossible for this court to determine which of Merriman's statements were lies and which were the truth." *Kinley*, 2d Dist. Clark No. 2001 CA 38, 2002 WL 538894, * 6.[4]

---

[3] The deposition was filed with the petition and was before the trial court; we have reviewed it as well. Kinley has not argued and we find no indication that the deposition contains facts that Kinley was unavoidably prevented from discovering prior to his initial petition.

[4] In summary, at trial Merriman testified that he had a conversation with Kinley in which Kinley admitted committing the murders. The first postconviction relief petition included two affidavits from Merriman that stated he lied at trial and, in fact, never had a conversation with Kinley about the murders.

Upon remand, the court held a hearing at which the Assistant Public Defender, who obtained Merriman's affidavits, testified that Merriman told her he never had the

{¶ 18}  The trial court could have reasonably concluded that the evidence was merely cumulative and that Kinley had not presented any evidence that he had been unavoidably prevented from discovering the facts upon which his second petition relied (and, in fact, he had presented them in the first petition), and therefore that this second petition's untimeliness was not excused.

{¶ 19}  Because neither prong of R.C. 2953.23(A)(1) was established, the trial court did not err in denying Kinley's untimely, successive petition; the absence of an opportunity to respond to the State's motion to dismiss was not determinative.

{¶ 20}  The first assignment of error is overruled.

**Failure to Review the Entire Record**

{¶ 21}  In his second assignment of error, Kinley asserts that the trial court failed to review the entire record, as required by R.C. 2953.21(D) (formerly (C)).  R.C. 2953.21(D) provides, in part:

The court shall consider a petition that is timely filed under division (A)(2) of

---

alleged conversation with Kinley about the murders, that he had lied at trial, and that promises of leniency had been made to him on other charges pending against him.

Prosecutors Schumaker, Smith, Carter, and Collins testified that they spoke to Merriman after the public defender obtained the affidavits, and he told them that he had told the truth at trial and that he only signed the affidavits "under pressure" (Schumaker's words) because he was "badgered" (Smith's word) by the public defender. The prosecutors also testified that there were no promises or representations made to Merriman about any pending criminal charges or sentences against him.

Similarly, Detective Rude of the Clark County Sheriff's Office testified at the postconviction relief hearing that he had met with Merriman but never "assure[d] Merriman that something favorable would be done to him" if he (Merriman) gave statements against Kinley.

In the deposition taken in the federal habeas case, Merriman said he lied at trial and that the two previous affidavits recanting his trial testimony were true.  He said he remembered meeting with the prosecutors, but denied telling them that he was pressured by the public defender to make any statement.  He said he only gave the false testimony at trial to help himself, but that he had since turned his life around.

this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *

By its exact wording, this section applies to "a petition that is timely filed" under R.C. 2953.21(A)(2) and, as we have discussed above, this second petition was not timely filed. An untimely or successive petition may not be entertained where the requirements of R.C. 2953.23(A) have not been satisfied, and consideration of the record as described in R.C. 2953.21(D), upon which Kinley relies in this assignment, is required only as a prerequisite to determining whether to grant a hearing.

{¶ 22} The trial court's entry states that it "carefully reviewed and considered [Kinley's] petition and the State's response/motion to dismiss." Kinley encourages us to read this statement as an admission that the trial court did not consider any other parts of the record. We cannot conclude that a trial court's statement that it had "carefully reviewed and considered" certain documents necessarily implies that other documents filed in this case and Kinley's appeals were not considered, *even if* it were required to consider such materials.

{¶ 23} The second assignment of error is overruled.

**Constitutionality of R.C. 2953.23(A)(1)(b)**

{¶ 24}  In his third assignment of error, Kinley contends that R.C. 2953.23(A)(1)(b) is unconstitutional on its face, because it violates the Supremacy Clause, separation of powers, and other constitutional provisions, and is unconstitutional as applied to him because 1) it denies him "the more lenient standard" of proof provided under federal law and 2) does not give him a reasonable and fair opportunity to raise federal constitutional violations.

{¶ 25}  Having found that Kinley failed to satisfy the first prong of R.C. 2953.23(A)(1)(a), which required him to show that he was unavoidably prevented from discovery of the facts upon which he relies, and that he was therefore barred from filing a second or successive petition for postconviction relief, we need not address his arguments that R.C. 2953.23(A)(1)(b) is unconstitutional on its face or as applied to him.

{¶ 26} The third assignment of error is overruled.

**Discovery**

{¶ 27}  In his fourth assignment of error, Kinley contends that the trial court abused its discretion in not allowing him to conduct discovery prior to denying his petition.  Kinley claims the due process rights set forth in the Fourteenth and Eighth Amendments to the U.S. Constitution require that he be allowed discovery, because requiring him to provide support for the allegations contained in his petition while denying him the right to conduct discovery "emasculate[s] his right" to pursue postconviction remedies.  He also asserts that he "unquestionably" raised "colorable constitutional violations."

{¶ 28}  As discussed under the first assignment of error, Kinley's petition is a second or successive petition governed by jurisdictional requirements set forth in R.C.

2953.23(A), and the untimeliness of his petition was not excused. Although R.C. 2953.21(A)(1)(d) now provides for discovery in certain circumstances "for good cause shown," this provision applies to petitions filed under R.C. 2953.21(A). But, as discussed above, a second or successive petition cannot be considered under R.C. 2953.21 unless the petitioner satisfies R.C. 2953.23(A). Because Kinley did not satisfy R.C. 2953.23(A), he was not entitled to the discovery now provided for in R.C. 2953.21(A)(1)(d).

{¶ 29} Kinley also argues that we should remand his case for the trial court "to reconsider its denial of discovery," as the Twelfth Appellate District did in *State v. Ketterer*, 2017-Ohio-4117, 92 N.E.3d 21 (12th Dist.). *Ketterer*, which was decided in June 2017, acknowledged the amendments to R.C. 2953.21 that were effective in April 2017 and noted, in particular, that the statute now "allows capital petitioners to obtain discovery in aid of their PCR petition if good cause is shown." *Id.* at ¶ 46. The court remanded "for the trial court to determine whether newly-amended R.C. 2953.21 applies to appellant's PCR petitions, and if so, whether appellant has shown good cause under the new statute and is entitled to discovery." *Id.* at ¶ 47.

{¶ 30} However, unlike this case, *Ketterer* did not involve a second or successive petition. Ketterer filed a "supplemental" petition for postconviction relief in that case because, while his appeal from the denial of his petition was pending in the appellate court, the supreme court (considering the direct appeal) remanded the case for resentencing on the non-capital offenses; thus, there are references in the appellate case to Ketterer's *petitions*.[5] Nonetheless, Ketterer's petition was governed by R.C. 2953.21,

---

[5] Initially, Ketterer's petition for postconviction relief challenged only his capital murder conviction and death sentence. After the supreme court's remand, he "filed a supplemental PCR petition challenging his noncapital offenses," but "[m]ost of the

not R.C. 2953.23. Insofar as Kinley's successive petition was denied for failing to satisfy the requirements of R.C. 2953.23, *Ketterer* is not analogous, and the requirements of R.C. 2953.21 did not apply.

**{¶ 31}** Kinley also argues that Crim.R. 42(C) gives a capital defendant in postconviction proceedings access to all relevant documents in possession of the State, except information excluded by Crim.R. 16(J).

**{¶ 32}** Crim.R. 42, effective July 1, 2017, applies to capital cases, which includes "any post-conviction proceedings reviewing the conviction or sentence in any case in which the death penalty has been imposed, other than direct appeal to the Supreme Court of Ohio." Crim.R. 42(A)(2). Kinley claims that the access to documents embodied in this rule "could provide additional support for the constitutional violations contained in [his] post-conviction petition, and possibly additional constitutional violations not previously identified."

**{¶ 33}** Crim.R. 42(C) provides:

In a capital case and post-conviction review of a capital case, the prosecuting attorney and the defense attorney shall, upon request, be given full and complete access to all documents, statements, writings, photographs, recordings, evidence, reports, or any other file material in possession of the state related to the case, provided materials not subject to disclosure pursuant to Crim.R 16(J) shall not be subject to disclosure under this rule.

**{¶ 34}** But Crim.R. 42 went into effect more than two years after Kinley's petition

grounds for relief were duplicative." *Ketterer* at ¶ 6.

was filed and 17 months after the trial court's decision "overruling" the petition. The rule does not expressly state whether it is to be applied retroactively. Kinley asserts that, pursuant to Crim.R. 59(EE), Crim.R. 42 applies to his petition. Crim.R. 59(EE) states:

> The amendments to Criminal Rule 5, 32.2, and 42 filed by the Supreme Court with the General Assembly on January 6, 2017 and refiled on April 26, 2017 shall take effect on July 1, 2017. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies.

{¶ 35} As discussed under the first assignment of error, the trial court did not err in concluding that Kinley's successive petition for postconviction relief, the denial of which forms the basis for this appeal, did not satisfy the jurisdictional requirements of R.C. 2953.23(A). Since the court did not have jurisdiction to even consider the successive petition, it does not constitute a "post-conviction proceeding[ ] reviewing the conviction or sentence" in Kinley's case, to which Crim.R. 42 is applicable.

{¶ 36} The fourth assignment of error is overruled.

**Meaningful Review**

{¶ 37} In his fifth assignment of error, Kinley broadly contends that Ohio's postconviction procedures do not provide a meaningful review of constitutional challenges because they fail to provide for meaningful factual development, "the classic 'Catch 22.' " In particular, he criticizes the Ohio Supreme Court's decision in *State v Perry*, 10 Ohio

St.2d 175, 226 N.E.2d 104 (1967) for its "drastically restricted interpretation" of Ohio's statutory scheme for postconviction review. But he acknowledges that the holding in *Perry* has been reaffirmed in subsequent supreme court cases. *See, e.g., State v. Kapper,* 5 Ohio St.3d 36, 448 N.E.2d 823 (1983); *State v. Nichols*, 11 Ohio St.3d 40, 463 N.E.2d 375 (1984). Kinley also discusses the Sixth Circuit's "reluctan[t]" and critical acceptance of the Ohio Supreme Court's position, citing *Allen v. Perini*, 424 F.2d 134 (6th Cir.1970) and *Keener v. Ridenour*, 594 F.2d 581 (6th Cir.1979). He then suggests that we "should sustain this Assignment of Error and remand" for the trial court to "address the merits of all of [his] grounds for relief after granting him leave to conduct discovery," providing experts, and conducting an evidentiary hearing.

{¶ 38} This "assignment of error" addresses no error in the trial court proceedings or judgment; rather, it challenges Ohio Supreme Court jurisprudence on postconviction relief proceedings. As an intermediate appellate court, we are bound to follow the law as set forth by the supreme court, and we cannot make a determination that conflicts with a decision of the supreme court that has not been reversed or overruled. *State v. Rigsbee,* 174 Ohio App.3d 12, 2007-Ohio-6267, 800 N.E.2d 524, ¶ 43 (2d Dist.); *State v. Stewart*, 2d Dist. Miami No. 2016-CA-13, 2017-Ohio-2785, ¶ 12. As such, we decline Kinley's implicit invitation to interpret Ohio law in a manner that conflicts with the supreme court's holdings.

{¶ 39} The fifth assignment of error is overruled.

**Prosecution's Use of False Testimony**

{¶ 40} In his sixth assignment of error, Kinley contends that his constitutional rights were violated by the State's knowing use of false and inaccurate testimony and by

its failure to provide him with favorable, material evidence. These arguments relate to Merriman's assertions after trial, in affidavits and deposition testimony, that he lied at trial about Kinley's admission to having committed the crimes and about not being given favorable treatment on unrelated charges that were then pending against him in exchange for testifying against Kinley, as discussed above. At Kinley's trial, Merriman had testified that he had not made any "deal" with police officers or the prosecutor in exchange for his testimony, that he knew "the prosecutor's office doesn't make deals," and that he was motivated to come forward because "it was wrong the way those people were killed."

{¶ 41} Although Merriman himself did not testify (either live or by deposition) at the hearing in the first postconviction relief proceedings in this case, Kinley did raise this argument by presenting two affidavits from Merriman. At the hearing in 2001, Kinley argued that Merriman perjured himself in exchange for leniency from the State in connection with Merriman's sentencing on a conviction for grand theft. He introduced two affidavits of Merriman, obtained by Kinley's attorney, who had visited Merriman in prison in connection with Kinley's postconviction proceedings, which purported to corroborate the alleged perjury.

{¶ 42} In response, the State submitted testimony from the prosecutors involved in various ways in Kinley's murder case and/or Merriman's grand theft case; these prosecutors had visited Merriman in prison in 1997 to talk about his affidavits. According to the prosecutors' testimony, Merriman told them during their prison visit that his trial testimony had been true and that he signed the affidavits because Kinley's attorney had "played upon his conscience" and so the attorney would "leave him alone." *Kinley*, 2d Dist. Clark No. 2001 CA 38, 2002 WL 538894, * 5.

{¶ 43} Both of Merriman's claims under this assignment of error – that the prosecutor withheld evidence of a plea deal and that the State had knowingly used perjured testimony – rely on the credibility of the claims made in Merriman's affidavits and, more recently, his deposition testimony. Merriman's claims were contradicted by his own trial testimony and the testimony of the prosecutors involved in Kinley's and Merriman's cases. As we observed in Kinley's appeal from the denial of his first petition for postconviction relief, his argument relied on credibility determinations by the trial court. *Id.*

{¶ 44} Newly discovered evidence that recants trial testimony is looked upon with the utmost suspicion, and it fails to demonstrate substantive grounds for relief when it is rebutted by the record of the trial proceeding. *See, e.g., State v. Lawrence*, 2d Dist. Montgomery No. 25623, 2014-Ohio-417, ¶ 36; *State v. McCoy*, 2d Dist. Clark No. 97-CA-0118, 1998 WL 425501, *1 (July 10, 1998). In reviewing Kinley's first petition for postconviction relief, the trial court weighed the conflicting claims and credited the State's witnesses over Merriman's new assertions, which contradicted his trial testimony; this judgment was affirmed on appeal. Although this second postconviction petition includes an additional type of statement from Merriman (a deposition), the allegations and substance are the same, and there is no assertion that they could not have been raised in the first petition. The trial court was not required to accept Kinley's serial arguments that Merriman's trial statements were false and that the prosecutors knew of this alleged fact.

{¶ 45} The sixth assignment of error is overruled.

**Cumulative Error**

{¶ 46} In his seventh assignment of error, Kinley argues that, "to the extent that the individual grounds for relief contained in his amended post-conviction petition did not warrant the granting of relief, the cumulative impact of those errors warranted the granting of relief." Because we have found no error, the doctrine of cumulative error does not apply in this case. *See State v. Moody*, 2d Dist. Montgomery No. 26926, 2016-Ohio-8366, ¶ 129, citing *State v. Garner*, 74 Ohio St.3d 49, 64, 656 N.E.2d 623 (1995). The seventh assignment of error is overruled.

**Conclusion**

{¶ 47} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. concurs.

BROGAN, J., concurring:

{¶ 48} I concur in the well-reasoned opinion of Judge Froelich. However, I have serious doubts concerning the constitutionality of R.C. 2953.23(A)(1)(b), although I agree that we need not address that issue because Kinley failed to satisfy the requirements of R.C. 2953.23(A)(1)(a).

{¶ 49} Nondisclosed evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *See United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

{¶ 50} The Ohio Joint Commission on the Imposition of the Death Penalty was formed in 2011 to address the problem of wrongful convictions in death penalty cases.

One hundred and sixty three persons who were on death row in the United States have now been exonerated. The Commission found that several of these wrongful convictions were the result of prosecutorial misconduct, misidentification, false confessions, and jailhouse snitch testimony. Recent legislation and procedural rule changes like Crim.R. 42(C) were made to address some of these issues. In some cases, prosecutors were unaware of police misconduct in the investigative process. No one in this case testified concerning the police reports that were made by the Clark County Sheriff's Office. Those reports may shed light on the extent of promises, if any, that were made to secure Merriman's assistance in Kinley's prosecution. Counsel may pursue a public records request for those law enforcement records because the specific investigatory work product exception to disclosure does not extend beyond completion of the trial for which the information was gathered. *State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598, ¶ 1.

(Hon. James A. Brogan, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Andrew P. Pickering
Kathryn L. Sandford
Randall L. Porter
Hon. Douglas M. Rastatter