**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Ward v. Reed,* **Slip Opinion No. 2014-Ohio-4512.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4512

THE STATE EX REL. WARD, APPELLANT, *v.* REED, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Ward v. Reed,* **Slip Opinion No. 2014-Ohio-4512.]**

*Mandamus—Procedendo—Final, appealable order—Crim.R. 32(C)—Adequate remedy in the ordinary course of law—Court of appeals' dismissal of complaint for writs affirmed.*

(No. 2013-1738—Submitted September 9, 2014—Decided October 14, 2014.)

APPEAL from the Court of Appeals for Allen County, No. 1-13-40.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Third District Court of Appeals dismissing a petition for writs of mandamus and procedendo to compel appellee, Judge Jeffrey L. Reed, to issue a final, appealable sentencing order in appellant LaShone Ward Sr.'s criminal case. However, we affirm for reasons different from those given by the court of appeals. Ward had available to him an alternate remedy in the ordinary course of law, precluding the issuance of writs of mandamus and procedendo.

**Facts**

{¶ 2}   A jury convicted Ward of several counts of aggravated robbery and abduction, with firearm specifications, in 1997, and he directly appealed those convictions.  The convictions were affirmed.  *State v. Ward*, 3d Dist. Allen No. 1-97-56, 1998 WL 165006 (April 1, 1998).

{¶ 3}   In 2012, Ward filed a motion in the trial court asserting, among other things, that his sentence should be corrected because he was not properly advised of postrelease control.  The trial court recognized that the postrelease-control notification given in 1997 was insufficient, and on October 23, 2012, it corrected the original sentencing entry by a nunc pro tunc entry, citing R.C. 2929.191 for doing so.

{¶ 4}   Ward then filed a petition for writs of mandamus and procedendo against Judge Reed, asking the court of appeals to order the judge to issue a final, appealable order in the underlying criminal case.  Ward asserted that the nunc pro tunc entry was not a final, appealable order, because it failed to comply with Crim.R. 32(C).

{¶ 5}   Judge Reed filed a motion to dismiss, arguing that the original judgment entry of conviction complied with Crim.R. 32(C).  He argued that the nunc pro tunc entry itself need not contain the Crim.R. 32(C) requirements, because it applied retroactively to the judgment it had corrected.

{¶ 6}   The court of appeals held that the sentencing judgment, as corrected by the nunc pro tunc entry under R.C. 2929.191, with the proper modification of postrelease control, was a final, appealable order under Crim.R. 32(C).  It held that an extraordinary writ will not lie to compel the performance of a duty already performed.

{¶ 7}   Ward appealed to this court and timely filed his brief.  Judge Reed did not file a brief.

**Analysis**

**{¶ 8}** We affirm because Ward had an adequate remedy in the ordinary course of law by way of appeal.

**{¶ 9}** To be entitled to a writ of procedendo, Ward must show a clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995).

**{¶ 10}** To be entitled to a writ of mandamus, Ward must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Reed to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Ward must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

**{¶ 11}** In his complaint, Ward prayed for writs of procedendo and mandamus ordering the trial court to issue a final, appealable order. Ward asserted that he has a right to "a final, appealable order, to appeal his criminal judgment." His main argument is that the nunc pro tunc entry does not contain all the elements of a final, appealable order, as required by *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805.

**{¶ 12}** Ward could have raised the *Baker-Culgan* issue by way of appeal. That is, he could have appealed the trial court's October 23, 2012 order, which granted in part and denied in part Ward's motion to correct his sentence, rather than the nunc pro tunc entry correcting the entry of sentencing. An appeal is an adequate remedy in the ordinary course of law that precludes an action for writs of mandamus or procedendo. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*,

77 Ohio St.3d 247, 250, 673 N.E.2d 1281 (1997); *State ex rel. Sevayega v. McMonagle*, 122 Ohio St.3d 54, 2009-Ohio-2367, 907 N.E.2d 1180, ¶ 1.

{¶ **13**} Ward had an adequate remedy in the ordinary course of law, precluding the issuance of writs of mandamus and procedendo. We affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Lashone Ward Sr., appellant pro se.

_____