[Cite as *State ex rel. Moore v. Cuyahoga Cty. Court of Common Pleas*, 2016-Ohio-7228.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104537**

# STATE OF OHIO, EX REL.
# CARL L. MOORE, SR., ESTATE, ET AL.

RELATORS

vs.

# CUYAHOGA COUNTY COURT OF COMMON PLEAS, ET AL.

RESPONDENTS

**JUDGMENT:**
COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 497463
Order No. 499470

**RELEASE DATE:** October 5, 2016

**FOR RELATORS**

Carl L. Moore, Sr., pro se
Ronnie Moore, pro se
19230 Genesee Road
Euclid, Ohio   44117


**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Nora Graham
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

ANITA LASTER MAYS, J.:

{¶1} Carl L. Moore, Sr. and Ronnie Moore have filed a complaint for a writ of mandamus. The Moores seek a writ of mandamus in an attempt to compel Judge Timothy McCormick, Magistrate Kevin Augustyn, and the Cuyahoga County Court of Common Pleas to vacate the magistrate's report and the motion for summary judgment, ordering foreclosure of the property by sheriff's sale, as granted on behalf of Bank of America in a foreclosure action filed in *Bank of Am. N.A. v. Moore,* Cuyahoga C.P. No. CV-14-826343. Judge McCormick, Magistrate Augustyn, and the Cuyahoga County Court of Common Pleas have filed a joint motion to dismiss that is granted for the following reasons.

{¶2} Initially, we find that the complaint for a writ of mandamus is procedurally defective and thus subject to dismissal. R.C. 2731.04 provides that a complaint for a writ of mandamus must be brought in the name of the state on relation of the person applying and verified by affidavit. The complaint for a writ of mandamus is not properly captioned and fails to contain a sworn affidavit. *State ex rel. Huntington Ins. Agency v. Duryee*, 73 Ohio St.3d 530, 653 N.E.2d 349 (1995); *Maloney v. Sacks*, 173 Ohio St. 237, 181 N.E.2d 268 (1962); *Gannon v. Gallagher*, 145 Ohio St. 170, 60 N.E.2d 666 (1945). It must also be noted that the complaint for a writ of mandamus is defective because the addresses of the respondents are not included within the caption of the complaint. Civ.R. 10(A); *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d

651 (2001); *State ex rel. Tate v. Callahan*, 8th Dist. Cuyahoga No. 85615, 2005-Ohio-1202.

{¶3}   Also, Ronnie Moore has improperly filed this action on behalf of Carl L. Moore, Sr.   Ronnie Moore signed the original complaint for a writ of mandamus as well as a subsequent "expedited petition for a writ of mandamus."   The second complaint for a writ of mandamus was apparently signed under a durable power of attorney designation.   A search of the Supreme Court of Ohio's attorney directory reveals that Ronnie Moore is not licensed to practice law in the state of Ohio.   Ronnie Moore's attempt to commence this action on Carl L. Moore, Sr.'s behalf constitutes the unauthorized practice of law pursuant to R.C. Chapter 4705 and Gov.Bar R. XII.   As a consequence, we must dismiss this action filed on behalf of Carl L. Moore, Sr.   *In re Traywick v. Fuerst*, 8th Dist. Cuyahoga No. 96357, 2011-Ohio-947; *In re Jerdine*, 8th Dist. Cuyahoga No. 91172, 2008 Ohio App.LEXIS 1648 (Apr. 21, 2008).   It must also be noted that a durable power of attorney, in fact, does not permit a person to prepare and pursue legal filings and proceedings as an attorney at law.   *Disciplinary Counsel v. Coleman*, 88 Ohio St.3d 155, 724 N.E.2d 402 (2000).

{¶4}   Further, Ronnie Moore possesses no standing to prosecute this original action for mandamus.   Ronnie Moore is not a real party in interest in the underlying foreclosure action and does not possess any interest in the property subject to foreclosure.   *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 715 N.E.2d 1062 (1999); *State ex rel. Village of Botkins v. Laws*, 69 Ohio St.3d 383, 632 N.E.2d 897

(1994); *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 298 N.E.2d 515 (1973).

{¶5} Finally, a writ of mandamus will not issue if there exists a plain and adequate remedy in the ordinary course of the law. *State ex rel. Ullman v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245. Carl L. Moore, Sr. has or had an adequate remedy in the ordinary course of the law, which addressed or could have addressed the issue of an improper foreclosure. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303; *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 673 N.E.2d 1281 (1997); and *State ex rel. Sevayega v. McMonagle*, 122 Ohio St.3d 54, 2009-Ohio-2367, 907 N.E.2d 1180.

{¶6} Accordingly, we grant the joint motion to dismiss as filed by Judge McCormick, Magistrate Augustyn, and the Cuyahoga County Court of Common Pleas. Costs to Ronnie Moore and Carl L. Moore, Sr. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of its entry upon the journal as required by Civ.R. 58(B).

{¶7} Complaint dismissed.


ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MELODY J. STEWART, J., CONCUR