[Cite as *In re A.P.*, 2017-Ohio-8926.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

IN RE: A.P.

C.A. No.     17CA011132

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     14JC 42484

DECISION AND JOURNAL ENTRY

Dated: December 11, 2017

---

CALLAHAN, Judge.

**{¶1}** Appellant, M.P. ("Mother"), appeals from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that placed her minor child in the legal custody of the child's father ("Father"). This Court reverses and remands.

I.

**{¶2}** Mother and Father are the biological parents of A.P., born January 2, 2014. Although each parent has other children, those children are not parties to this appeal.

**{¶3}** When this case began, Mother and Father were married and living together with A.P. On June 11, 2014, Lorain County Children Services ("LCCS") filed a complaint, alleging that A.P. was a neglected and dependent child because Mother had alcohol and drug problems and Father was incarcerated for domestic violence against Mother. A.P. was later adjudicated a dependent child, LCCS was granted temporary custody, and the child was placed with his paternal grandmother.

{¶4} During this case, the parents divorced and each ultimately filed a motion for legal custody of the child. The case proceeded to a final dispositional hearing before a magistrate. Although LCCS had initially moved to have A.P. placed in the legal custody of the paternal grandmother, it withdrew that motion at the final dispositional hearing.

{¶5} After the hearing, the magistrate issued a decision that the child be placed in the legal custody of Father. The trial court adopted that decision, pending the filing of objections. Mother filed several objections to the magistrate's decision, including that the magistrate had failed to base the legal custody decision on the best interest of the child. The trial court summarily overruled Mother's objections and placed A.P. in the legal custody of Father. Mother appeals and raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT'S GRANT OF LEGAL CUSTODY TO FATHER CONSTITUTED AN ABUSE OF DISCRETION AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6} Mother's first assignment of error is that the trial court's judgment was not supported by the evidence. Among other things, through her objections to the magistrate's decision and again on appeal, Mother argued that it is unclear whether either the magistrate or the trial court considered whether it was in the best interest of A.P. to be placed in the legal custody of Father. This Court is persuaded by that argument and, for that reason, is unable to review whether the trial court's decision was supported by the evidence.

{¶7} The authority of a juvenile court in abuse, dependency, and neglect cases is strictly governed by the comprehensive statutory scheme set forth in R.C. Chapter 2151. *See, e.g., In re S.R.*, 9th Dist. Summit No. 27209, 2014-Ohio-2749, ¶ 35. The dispositional authority

of the juvenile court to place children who have been adjudicated abused, neglected, and/or dependent is governed by R.C. 2151.353.

{¶8} "Following an adjudication of neglect, dependency, or abuse, the juvenile court's determination of whether to place a child in the legal custody of a parent or a relative is based solely on the best interest of the child." *In re K.H.*, 9th Dist. Summit No. 27952, 2016-Ohio-1330, ¶ 12. "Although there is no specific test or set of criteria set forth in the statutory scheme, courts agree that the trial court must base its decision [regarding legal custody] on the best interest of the child." *In re N.P.*, 9th Dist. Summit No. 21707, 2004-Ohio-110, ¶ 23, citing *In re Fulton*, 12th Dist. Butler No. CA2002-09-236, 2003-Ohio-5984, ¶ 11.

{¶9} The juvenile court is guided by the best interest factors set forth in R.C. 2151.414(D) relating to permanent custody. *In re B.G.*, 9th Dist. Summit No. 24187, 2008-Ohio-5003, ¶ 9, citing *In re T.A.*, 9th Dist. Summit No. 22954, 2006-Ohio-4468, ¶ 17. Those factors include the interaction and interrelationships of the child, the child's wishes, the custodial history of the child, the child's need for permanence, and whether any of the factors in R.C. 2151.414(E)(7)-(11) are applicable. R.C. 2151.414(D)(1)(a)-(e).

{¶10} The juvenile court may also look to the best interest factors in R.C. 3109.04(F)(1) for guidance. *In re K.A.*, 9th Dist. Lorain Nos. 15CA010850, 15CA010860, 2017-Ohio-1, ¶ 17. Those additional factors include the child's adjustment to his environment; the mental and physical health of all persons involved; the parents' history of providing support and honoring companionship orders; certain indicia of violence, abuse, or neglect in any household involved; and whether a parent plans to or has established a residence outside of Ohio. R.C. 3109.04(F)(1).

{¶11} Under either statutory standard, the trial court is required to consider certain factors specifically pertaining to the child's best interest. R.C. 2151.414(D)(1) provides that the

trial court "shall" consider the enumerated factors and all other relevant factors. That language has always been construed as mandating that the trial court consider those factors. *See*, *e.g*, *In re S.C.*, 9th Dist. Summit No. 27676, 2015-Ohio-2623, ¶ 28. Similarly, R.C. 3109.04(F)(1) provides that the trial court "shall" consider the enumerated factors as well as other factors relevant to the child's best interest.

{¶12} This Court will generally presume that the trial court considered mandatory statutory factors absent a demonstration to the contrary. *Mollica v. Mollica*, 9th Dist. Medina No. 02CA0079-M, 2003-Ohio-3921, ¶ 11. In this case, however, the legal custody decision fails to demonstrate that the trial court considered and based its decision on the appropriate factors. The magistrate's decision concluded that both parents were capable of providing A.P. with an appropriate home, but seemed to base the ultimate decision on a conclusion that Mother was self-centered and Father was down to earth, personality attributes that did not necessarily have any bearing on the statutory best interest factors.

{¶13} Although both the magistrate and the trial judge summarily concluded that A.P. should be placed in Father's legal custody "as it is in the minor child's best interests[,]" neither supported that conclusion with any analysis of the child's best interest or explicit reference to any of the relevant factors, except the opinion of the guardian ad litem, which they rejected.

{¶14} Given the reasoning set forth by the trial court, this Court cannot speculate as to whether the trial court considered the child's best interest in reaching its legal custody decision. Were we to determine the child's best interest in the first instance on appeal, we would usurp the fact-finding role of the trial court and exceed our jurisdiction as a reviewing court. *In re M.B.*, 9th Dist. Summit No. 21760, 2004-Ohio-597, ¶ 9, citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992) and Article IV, Section 3(B)(2), Ohio Constitution (defining the jurisdiction of

Ohio appellate courts).  Consequently, Mother's first assignment of error is sustained insofar as it challenges the trial court's failure to base its legal custody judgment on the best interest of the child.

**ASSIGNMENT OF ERROR II**

> THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION BECAUSE THE TRANSCRIPT OF PROCEEDINGS DEMONSTRATE[S] THAT THE MAGISTRATE ABANDONED HIS ROLE AS AN INDEPENDENT ARBITER AND INSTEAD ADOPTED THE ROLE OF ADVOCATE FOR FATHER, PREJUDICING MOTHER'S CASE, AND CAUSING PLAIN ERROR.

**{¶15}**  Mother's second assignment of error is that the magistrate improperly questioned the guardian ad litem, which caused her prejudice because the magistrate seemed to challenge and reject the opinion of the guardian ad litem.  Mother did not raise this issue in her objections to the magistrate's decision, so she has forfeited all but plain error.  *See In re B.C.*, 9th Dist. Summit Nos. 26976, 26977, 2014-Ohio-2748, ¶ 24, citing Juv.R. 40(D)(3)(b)(iv).  Because a plain error review would be intertwined with the merits of Mother's first assignment of error, we will not reach the merits of this assigned error.  Specifically, because we lack the requisite best interest findings to enable us to review whether the trial court's decision was supported by the weight of the evidence, we cannot conduct a plain error review.

III.

**{¶16}**  Mother's first assignment of error is sustained insofar as she asserts that the judgment fails to demonstrate that the trial court based its decision on the best interest of the child.  Her second assignment of error is not addressed because it is intertwined with her first assignment of error.  The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

SHUBHRA AGARWAL, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and EMILY W. KIRSCH, Assistant Prosecuting Attorney, for Appellee.

MATTHEW A. CRAIG, Attorney at Law, for Father.

COLLEEN MCMAHON, Guardian ad Litem