[Cite as *State ex rel. Jordan v. Summit Cty. Court of Common Pleas Judge*, 2019-Ohio-3082.]

STATE OF OHIO      )                   IN THE COURT OF APPEALS
                         )ss:               NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

STATE EX REL. ROBERT E. JORDAN, JR.                C.A. No. 29359

     Relator

     v.

JUDGE OF THE COMMON PLEAS COURT, SUMMIT COUNTY         ORIGINAL ACTION IN MANDAMUS AND PROCEDENDO

     Respondent

Dated: July 31, 2019

PER CURIAM.

**{¶1}** Relator, Robert E. Jordan, Jr., has petitioned this Court for writs of mandamus and procedendo to compel Respondent to rule on the motion to vacate a void judgment he filed. Respondent, Judge Kelly McLaughlin, as the successor to the original trial court judge, has answered, moved for summary judgment, and provided this Court with a copy of her order ruling on the motion to vacate. Because the motion has been ruled on, Mr. Jordan's claim is moot, and this Court dismisses his petition.

**{¶2}** In order to obtain a writ of mandamus, Mr. Jordan must demonstrate that he has a clear legal right to the relief requested, that the judge has a clear legal duty to provide it, and that there is no adequate remedy available in the ordinary course of law.

*State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6. Similarly, to obtain a writ of procedendo, Mr. Jordan must establish that he has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Mandamus and procedendo are the appropriate remedies when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *See, e.g., State ex rel. CNG Financial Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, ¶ 20. It is well-settled that mandamus and procedendo will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 1998-Ohio-541.

{¶3} Mr. Jordan sought writs of mandamus and procedendo to order the judge to rule on his motion to vacate. This Court may consider evidence outside the complaint to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to Judge McLaughlin's motion to dismiss, and a review of the trial court docket, Judge McLaughlin ruled on Mr. Jordan's motion to vacate. Accordingly, this matter is moot.

{¶4} Because Mr. Jordan's claim is moot, his petition is dismissed. Costs are taxed to Mr. Jordan. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ROBERT E. JORDAN, JR., Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.