[Cite as *State ex rel. Salim v. Betleski*, 2019-Ohio-3982.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE EX REL. RYAN SALIM

    Relator

    v.

HON. JUDGE MARK A. BETLESKI

    Respondent

C.A. Nos.  19CA011530
           19CA011537

ORIGINAL ACTION IN
PROCEDENDO

Dated: September 30, 2019

PER CURIAM.

{¶1} Relator, Ryan Salim, has petitioned this Court for a writ of procedendo to compel Respondent, Judge Mark Betleski, to rule on a motion for summary judgment pending in Mr. Salim's underlying civil case. Judge Betleski has moved to dismiss the complaint as moot because he has ruled on the motion. Because the motion has been ruled on, Mr. Salim's claim is moot, and this Court dismisses his petition.

{¶2} To obtain a writ of procedendo, Mr. Salim must establish that he has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Procedendo is

the appropriate remedy when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *See, e.g., State ex rel. CNG Financial Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, ¶ 20. It is well-settled that procedendo will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 1998-Ohio-541.

{¶3} Mr. Salim sought a writ of procedendo to order the judge to rule on the pending motion for summary judgment. This Court may consider evidence outside the complaint to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to Judge Betleski's motion to dismiss, and a review of the trial court docket, Judge Betleski ruled on the motion for summary judgment that was the subject of this complaint. Accordingly, this matter is moot.

{¶4} Because Mr. Salim's claim is moot, his complaint is dismissed. Costs are taxed to Mr. Salim. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ROBERT E. JORDAN, JR., Pro se, Relator.

DENNIS P. WILL, Prosecuting Attorney, and CHRIS A. PYANOWSKI, Assistant Prosecuting Attorney, for Respondent.