[Cite as *In re A.P.*, 2021-Ohio-1229.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: A.P.

C.A. No.      20CA011638


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.      14JC42484

DECISION AND JOURNAL ENTRY

Dated: April 12, 2021

TEODOSIO, Judge.

{¶1} Appellant, M.G. ("Mother") appeals from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that denied the motion of Lorain County Children Services ("LCCS") to modify or terminate its prior judgment that placed Mother's child in the legal custody of the child's father, M.P. ("Father"). This Court affirms.

{¶2} Mother and Father are the biological parents of A.P., born January 2, 2014. This case began on June 11, 2014, when LCCS filed a complaint to allege that A.P. was a neglected and dependent child because Mother had ongoing substance abuse problems and Father was incarcerated for domestic violence against Mother. A.P. was later adjudicated a dependent child and placed in the temporary custody of LCCS.

{¶3} During 2016, Mother and Father separately moved for legal custody of A.P. Following a hearing before a magistrate, because Father had complied with the case plan and was in a better position to care for the child, A.P. was placed in the legal custody of Father. Mother

filed objections to the magistrate's decision, which were later overruled by the trial court. The trial court entered an independent judgment placing A.P. in the legal custody of Father. On appeal to this Court, however, the legal custody decision was reversed and remanded because it appeared that the trial court did not properly base its decision on the best interest of the child. *In re A.P.*, 9th Dist. Lorain No. 17CA011132, 2017-Ohio-8926, ¶ 16.

{¶4} On remand, following another legal custody hearing, the magistrate explicitly considered the best interest of the child and decided that A.P. should be placed in the legal custody of Father and that protective supervision should be terminated. The same day, March 19, 2018, the trial court adopted the magistrate's decision, pending the filing of timely, written objections. The trial court ordered that A.P. be placed in the legal custody of Father and it terminated protective supervision. Although Mother filed objections to the magistrate's decision, she dismissed her objections several months later. Consequently, the trial court's March 2018 order that placed A.P. in the legal custody of Father and terminated protective supervision became a final legal custody judgment. *See* Juv.R. 40(D)(4).

{¶5} During May 2018, the teenaged daughter of Father's former girlfriend made allegations of sexually inappropriate conduct by Father. Without involving the trial court or providing Father with legal representation, an LCCS caseworker contacted Father about the allegations and asked him to temporarily surrender physical custody of A.P. Because Father believed that A.P. would be returned to him after an investigation determined that the allegations were unfounded, he agreed to allow A.P. to be temporarily placed in Mother's physical custody.

{¶6} On July 31, 2018, LCCS did not file a new dependency complaint but instead moved for further dispositional orders in the same case. The agency requested that A.P. be placed

in the legal custody of Mother. LCCS focused its motion solely on the best interest of the child. Father alternatively requested that A.P. be returned to his custody.

{¶7} Following a hearing on the competing dispositional motions, the magistrate found that there had been no requisite change of circumstances under R.C. 2151.42(B). Consequently, the magistrate decided that A.P. would not be removed from Father's legal custody and would be returned to his physical custody. The trial court adopted the magistrate's decision the same day and independently entered judgment, returning A.P. to Father's physical custody and denying Mother's motion to terminate its prior order of legal custody to Father. Mother filed objections to the magistrate's decision, which were later overruled by the trial court.

{¶8} Mother appeals and raises two assignments of error. Although LCCS participated in the hearing in the trial court, it did not file a brief or otherwise participate in this appeal.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT REQUIRED LCCS TO SHOW THAT A CHANGE OF CIRCUMSTANCES MUST OCCUR BEFORE CHANGING THE PLACEMENT OF THE CHILD FROM FATHER TO MOTHER.

{¶9} Mother's first assignment of error is that the trial court erred in requiring that there be a change of circumstances of the child or Father before it would consider placing A.P. in the legal custody of Mother. Alternatively, Mother argues that there was evidence before the trial court to demonstrate the requisite change of circumstances.

{¶10} Mother argues that, because LCCS filed a motion for further dispositional orders and cited R.C. 2151.353, not R.C. 2151.42, the trial court was required to consider only the best interest of the child. Regardless of the label that LCCS put on the motion or its argument in

support, the fact remains that the agency was asking the trial court to modify or terminate its prior judgment placing A.P. in the legal custody of Father.

{¶11} The authority of the trial court and the children services agency in dependency and neglect cases is strictly governed by a comprehensive statutory scheme set forth in R.C. Chapter 2151. *See*, *e.g.*, *In re S.R.*, 9th Dist. Summit No. 27209, 2014-Ohio-2749, ¶ 35; *In re I.S.,* 9th Dist. Summit No. 24763, 2009-Ohio-6432, ¶ 10. LCCS filed a motion for further dispositional orders in the same case that began in 2014 because the trial court retained jurisdiction over A.P. after it adjudicated her a dependent and neglected child. R.C. 2151.353(F)(1). Although LCCS was authorized to seek a modification or termination of the trial court's prior dispositional order "at any time[,]" it was also necessary that any modification of the legal custody judgment comply with R.C. 2151.42 "[i]f applicable." R.C. 2151.353(F)(2).

{¶12} R.C. 2151.42(A) authorizes the trial court to modify or terminate many other dispositional orders if it finds that such a change is in the child's best interest. R.C. 2151.42(B), however, sets forth an additional constraint on the trial court's authority to modify or terminate an order "granting legal custody of a child to a person" because such an order "is intended to be permanent in nature." Consequently, a trial court "shall not" modify or terminate a legal custody order entered under R.C. 2151.42 unless it finds, based on facts that have arisen since the prior order or were unknown to the court at that time, "that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child." R.C. 2151.42(B). "Not every change will support the modification of a [legal] custody order, but rather only a 'change [that] is one of substance that warrants a change of custody.'" *In re L.V.*, 9th Dist. Summit No.

26245, 2012-Ohio-5871, ¶ 10, quoting *In re L.M.*, 2d Dist. Greene No. 2010-CA-76, 2011-Ohio-3285, ¶ 15.

{¶13} At the dispositional hearing, LCCS and Mother did not argue that there had been a requisite change in circumstances under R.C. 2151.42(B). Instead, the evidence presented at the dispositional hearing focused almost exclusively on the best interest of A.P. On appeal, Mother argues that, "[e]ven assuming arguendo, that a finding of change in circumstances is a prerequisite, sufficient facts in the record support this finding." She fails to point to any such evidence, however.

{¶14} The only evidence before the trial court about a potential change in circumstances was testimony that the teenaged daughter of Father's former girlfriend alleged that Father had behaved in a sexually inappropriate manner with her. No specific details were given about Father's alleged conduct. It was not disputed, however, that there was not enough evidence to justify further action on the allegation. Father was not criminally charged and LCCS's investigation found the allegation to be unsubstantiated. An "[u]nsubstantiated report" is one in which the agency's investigation "determined no occurrence of child abuse or neglect." Ohio Adm.Code 5101:2-1-01(B)(330).

{¶15} Mother has failed to demonstrate that the trial court erred in finding that there had been no change in circumstances to justify modifying or terminating the prior judgment of legal custody to Father. Mother's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED WHEN IT FAILED TO FIND THAT IT IS IN THE BEST INTEREST OF THE MINOR CHILD, A.P. (DOB 01/02/14) TO BE PLACED IN THE LEGAL CUSTODY OF MOTHER.

{¶16} Mother's second assignment of error is that the trial court erred in failing to find that it was in the best interest of A.P. to be placed in Mother's legal custody. The trial court found that there had not been a change in circumstances required by R.C. 2151.42(B) to modify or terminate its prior order of legal custody to Father. Consequently, because the threshold requirement of R.C. 2151.42(B) had not been met, the court did not move on to the second prong of the test to determine whether "modification or termination of the [legal custody] order [was] necessary to serve the best interest of the child." Because Mother has failed to demonstrate any error in the trial court's application of the statutory test, her second assignment of error is overruled.

### III.

{¶17} Mother's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

LORIE K. BROBST, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and EMILY KIRSCH, Assistant Prosecuting Attorney, for Appellee.

MATTHEW A. CRAIG, Attorney at Law, for Appellee.

ELIZABETH PATTERSON, Guardian ad Litem.