[Cite as *State ex rel. Covender v. Betleski*, 2021-Ohio-2807.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE EX REL. JOEL COVENDER

    Relator

    v.

JUDGE MARK BETLESKI

    Respondent

C.A. No. 21CA011760

ORIGINAL ACTION IN
PROCEDENDO

Dated: \*\*\*\*\*

PER CURIAM.

{¶1} Relator, Joel Covender, has petitioned this Court for a writ of procedendo to compel Respondent, Judge Mark Betleski, to rule on motions for summary judgment pending in Mr. Covender's underlying case. Judge Betleski has moved to dismiss the complaint as moot because he has ruled on the motions. Because the motions have been ruled on, Mr. Covender's claim is moot, and this Court dismisses his petition.

{¶2} To obtain a writ of procedendo, Mr. Covender must establish that he has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). A

writ of procedendo is the appropriate remedy when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Ames v. Pokorny*, Slip Opinion No. 2021-Ohio-2070, ¶ 6. "A writ of procedendo will not issue to compel the performance of a duty that has already been performed." *Id.* at ¶ 7, quoting *State ex rel. Morgan v. Fais*, 146 Ohio St.3d 428, 2016-Ohio-1564, ¶ 4.

{¶3} Mr. Covender sought a writ of procedendo to order the judge to rule on pending motions for summary judgment. This Court may consider evidence outside the complaint to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to Judge Betleski's motion to dismiss, and a review of the trial court docket, after the complaint was filed, Judge Betleski ruled on the motions for summary judgment that were the subject of this complaint. Accordingly, this matter is moot.

{¶4} Because Mr. Covender's claim is moot, his complaint is dismissed. No costs are taxed. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

 

 

 

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
SUTTON, J.
CONCUR.

APPEARANCES:

W. SCOTT RAMSEY, Attorney at Law, for Relator.

J.D. TOMLINSON, Prosecuting Attorney, and KATHERINE L. KEFER, Assistant Prosecuting Attorney, for Respondent.