[Cite as *State ex rel. Noling v. Doherty*, 2022-Ohio-760.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. TYRONE NOLING, | CASE NO. 2021-P-0084 |
| Relator, | Original Action for Writ of Mandamus |
| - v - | |
| THE HONORABLE BECKY DOHERTY, | |
| Respondent. | |

**P E R   C U R I A M**
**O P I N I O N**

Decided: March 14, 2022
Judgment: Petition dismissed

*Brian Church Howe,* The Ohio Innocence Project, University of Cincinnati College of Law, P.O. Box 210040, Cincinnati, OH 45221; and *Carrie C. Mahan* and *Christopher J. Abbott,* Weil, Gotshal & Manges LLP, 2001 M Street, N.W., Washington, DC 20036 (For Relator).

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor*,* 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1}   On August 11, 2021, relator, Tyrone Noling, filed an original action in mandamus requesting this court to order respondent, The Honorable Becky Doherty, to comply with this court's remand order, set forth in *State v. Noling,* 11th Dist. Portage No. 2011-P-0018, 2014-Ohio-1339.   That order required the trial court to conduct further proceedings to determine whether certain evidence was part of the open discovery file in

the Portage County Prosecutor's Office or through materials maintained by the Portage County Sheriff's Office at the time of trial. Respondent subsequently moved to dismiss this action because (1) he has invoked an adequate remedy at law and (2) he cannot establish a right to the remedy sought in the petition. For the reasons that follow, we agree with the former assertion advanced by respondent and dismiss this action.

{¶2} To be entitled to a writ of mandamus, relator must establish a clear legal right to the requested relief, a clear legal duty on the part of respondent to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth,* 131 Ohio St.3d 55, 2012-Ohio-69, ¶6.

{¶3} In October 2019, appellant filed a "Motion for Nondestructive Access to State Files," pursuant to this court's order in *Noling, supra.* Apparently, the motion remained pending for nearly one year and a half. As a result, in April 2021, appellant filed a "Motion for Status Conference and/or Hearing on [his] Motion for Access." The state opposed the motion, claiming appellant's October 2019 motion was merely a reiteration of arguments asserted in certain, previously overruled motions. Finally, on July 9, 2021, the trial court denied each pending motion. Appellant filed a notice of appeal of that judgment on August 6, 2021. That appeal remains pending with this court and, as such, appellant has invoked an adequate remedy in the ordinary course of law. Indeed, appellant, in a separate motion to consolidate the appeal with the underlying original action, conceded that the instant matter and the appeal are simply separate procedural vehicles to obtain the same remedy.

{¶4} "An appeal is an adequate remedy in the ordinary course of law that precludes an action for mandamus * * *." *State ex rel. Ward v. Reed,* 141 Ohio St.3d 50,

2

2014-Ohio-4512, ¶12, citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health,* 77 Ohio St.3d 247, 250 (1997).  Because relator properly invoked this court's jurisdiction by filing his August 6, 2021 notice of appeal of the trial court's July 9, 2021 judgment, he has an adequate remedy at law.  Thus, relator's petition for writ of mandamus must be dismissed for failure to state a claim upon which relief might be granted.

CYNTHIA WESTCOTT RICE, J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.

Case No. 2021-P-0084