[Cite as *State ex rel. Hinton v. Wiest*, 2022-Ohio-1200.]

STATE OF OHIO      )                    IN THE COURT OF APPEALS
                      )ss:                NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE   )

GERALD E. HINTON                    C.A. No.  21AP0046

    Petitioner

    v.

MARK K. WIEST, JUDGE

    Respondent                  ORIGINAL ACTION IN
                                      PROCEDENDO

Dated: April 11, 2022

PER CURIAM.

{¶1} Petitioner, Gerald Hinton, has petitioned this Court for a writ of procedendo to compel Respondent, Judge Mark Wiest, to rule on his motion to vacate void judgment and motion to amend void judgment pending in Mr. Hinton's underlying criminal case. Judge Wiest filed an answer and moved for summary judgment and, in both, asserted that the claim is moot because he has denied Mr. Hinton's motions. Mr. Hinton did not respond to the motion for summary judgment. Because the underlying motions have been ruled on, Mr. Hinton's claim is moot, and this Court dismisses his petition.

{¶2} To obtain a writ of procedendo, Mr. Hinton must establish that he has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law.

*State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Procedendo is the appropriate remedy when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *See, e.g., State ex rel. CNG Financial Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, ¶ 20. It is well-settled that procedendo will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 1998-Ohio-541.

{¶3} Mr. Hinton sought a writ of procedendo to order Judge Wiest to rule on the pending motions. This Court may consider evidence outside the complaint to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to Judge Wiest's answer, motion for summary judgment, and a review of the trial court docket, Judge Wiest ruled on the motions that were the subject of this petition. Accordingly, this matter is moot.

{¶4} Because Mr. Hinton's claim is moot, this case is dismissed.

{¶5} No costs are taxed. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

DONNA J. CARR
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

GERALD E. HINTON, Pro se, Petitioner.

JUDGE MARK K. WIEST, Respondent.