[Cite as *Trumbull Cty. Children Servs. Bd. v. Engler*, 2026-Ohio-1331.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| TRUMBULL COUNTY CHILDREN SERVICES BOARD, | CASE NO. 2025-T-0075 |
| Relator, | Original Action for Writ of Mandamus and/or Prohibition |
| - vs - | |
| THE HONORABLE JUDGE DAVID ENGLER, A JUDGE OF THE TRUMBULL COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION, | |
| Respondent. | |

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: April 13, 2026
Judgment: Petition dismissed

*Michael P. Walton,* Director of Legal Services, Trumbull County Children Services Board, 2282 Reeves Road, N.E., Warren, OH 44483 (For Relator).

*Lisa M. Zaring* and *Cooper D. Bowen*, Montgomery Jonson, L.L.P., 600 Vine Street, Suite 2650, Cincinnati, OH 45202 (For Respondent).

PER CURIAM.

{¶1} On March 10, 2026, the Court held a pre-trial conference in this matter. Based on the representations of the parties and their supplemental filings with this Court, and for the reasons stated below, the Court dismisses Relator's Petition as moot.

## BACKGROUND

{¶2}   On September 8, 2025, this Court decided *In re A.W.*, 2025-Ohio-3198 (11th Dist.). We reversed the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, which had sustained Harry Wynn's (Father) objections to a magistrate's recommendation and awarded legal custody of A.W. (DOB 2-11-24) to Father. We held that, as of the point of error (September 15, 2024), placement with Father was not in A.W.'s best interests and ordered that legal custody be returned to her maternal aunt, Yolanda DeBlasis (Aunt). *Id.* at ¶ 79-80, 83. That decision was not appealed to the Ohio Supreme Court.

{¶3}   Respondent did not immediately issue a judgment entry complying with our mandate. After engaging in informal efforts to obtain compliance, on September 17, 2025, Relator filed a Motion for Judgment on the Mandate.

{¶4}   On September 22, 2025, Father filed a Motion for Interim Custody. Respondent did not rule on it.

{¶5}   On September 30, 2025, Respondent issued a judgment entry ordering that legal custody of A.W. "be immediately returned to" Aunt and that Relator "shall coordinate the transition." However, physical custody of A.W. did not transfer from Father to Aunt at that time.

{¶6}   On October 14, 2025, Father filed an Ex Parte Motion for Temporary Custody.

{¶7}   On or about October 14, 2025, Respondent held an ex parte hearing on Father's Motion.

Case No. 2025-T-0075

{¶8} On October 15, 2025, Relator filed an Emergency Motion for Stay of Execution of Ex Parte Order and a Request for Rehearing of Shelter Care Hearing.

{¶9} On October 16, 2025, Respondent issued a Judgment Entry granting Father's Ex Parte Motion for Temporary Custody.

{¶10} On October 16, 2025, Relator filed the Petition for Writ of Mandamus and/or Prohibition currently before this Court.

{¶11} On October 21, 2025, this Court held an in-person status conference with the parties present in the courtroom with counsel.

{¶12} On October 22, 2025, Respondent held the sanctions hearing with Relator present. Immediately afterward, Respondent held an "ex parte follow up" hearing with Father and Aunt but prohibited Relator from participating.

{¶13} On October 23, 2025, Respondent issued a Judgment Entry based on that hearing. In it, Respondent stated that no showing of a change in circumstances was needed to issue an ex parte emergency order. Nevertheless, Respondent asserted that a change in circumstances had "already been demonstrated," citing the following: Father has no drug issue; Father is well-bonded with A.W.; Aunt has less bonding because she has not physically seen the child in seven months; A.W. is seeing doctors locally rather than in Cleveland (where Aunt resides); and Aunt had a baby who is now five months old.

{¶14} Respondent ordered that "legal custody . . . remain with Maternal Aunt," but simultaneously ordered that Father would "exercise companionship in accordance with the residential parent of this court's standard order of visitation. In other words, while this matter proceeds and the Guardian ad litem investigates, the Maternal Aunt will have A.W. every other weekend . . . ." Thus, although Respondent nominally reaffirmed Aunt's legal

Case No. 2025-T-0075

custody, he reduced her actual time with A.W. to that of a non-custodial parent with visitation rights.

{¶15} On October 24, 2025, this Court issued an Alternative Writ ordering that physical custody of A.W. return to Aunt and that the trial court's Judgment Entry granting Father's Ex Parte Motion for Temporary Custody be stayed and vacated because it interfered with the execution of our mandate.

{¶16} On November 14, 2025, Respondent filed a Motion to Dismiss.

{¶17} On December 8, 2025, we overruled Respondent's Motion to Dismiss.

{¶18} On December 18, 2025, Respondent filed his Answer.

{¶19} On March 10, 2026, this Court held a pre-trial conference, at which time the parties represented to the Court that Relator had obtained the relief it sought, to wit: legal custody of A.W. had been returned to Aunt, and Respondent had issued a judgment entry establishing Father's visitation and companionship rights in view of our mandate granting custody to Aunt.

{¶20} On March 11, 2026, we issued a Judgment Entry ordering the parties to file documentation in support of their representations at the pre-trial hearing.

{¶21} On March 20, 2026, Respondent filed a Notice of Supplement of the Record, which contained the following:

- Exhibit 1: An updated docket in Case No. 2024 CH 0008, *In re A.W. D.O.B. 2-11-2024*.

- Exhibit 2: Respondent's December 10, 2025 Judgment Entry converting Father's Motion to Show Cause, Motion for Immediate Possession, Motion to Suspend Aunt's Companionship, and Motion for Law Enforcement to Assist in

Transfer of Child to a hearing on Father's Request for Visitation/Companionship Only. The Entry stated:

> On December 15, 2025, the Court will also review if Father's request for change of custody is properly before the Court.
>
> It is the hope of this Court that an agreement regarding companionship . . . can be reached between Father, Maternal Aunt and TCCSB, if they intend to proceed in the request for change of custody, as is now the law of the case.

- Exhibit 3: Aunt's December 15, 2025 Motion to Dismiss.

- Exhibit 4: Respondent's March 16, 2026 Nunc Pro Tunc Judgment Entry

confirming that on December 10, 2025, Aunt had custody of A.W. and

> that any party seeking a change in custody would be required to file a request for change in custody to proceed.
>
> The Court further notes that, in light of the Eleventh District Court of Appeals Mandate, the ex parte order entered by this Court on October 15, 2026 [sic] is rendered moot.
>
> This nunc pro tunc entry is issued to correct and clarify the record so that it accurately reflects the Court's prior findings and the effect of the appellate mandate. No substantive change to the rights of the parties is intended or effected beyond the clarification stated herein.

{¶22} Relator has not filed any supplementary materials.

## STANDARD OF REVIEW

{¶23} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. To obtain mandamus relief, a relator must prove "(1) he has a clear legal right to have a

specific act performed by a public official; (2) the public official has a clear legal duty to perform that act; and (3) there is no legal remedy that could be pursued to adequately resolve the matter." *State ex rel. Vance v. Kontos*, 2014-Ohio-5080, ¶ 9 (11th Dist.).

{¶24}  To obtain prohibition, a relator must establish "(1) the [respondent is] about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists." *State ex rel. White v. Junkin*, 1997-Ohio-340, ¶ 7.

{¶25}  Either writ requires proof by clear and convincing evidence. *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 10; *State ex rel. Smith v. Triggs*, 2023-Ohio-3098, ¶ 5.

{¶26}  Courts must dismiss cases as moot where no actual controversy exists. *State ex rel. Rodriguez v. Lorain Cty. Joint Vocational School*, 2025-Ohio-127, ¶ 4 (9th Dist.). A case becomes moot when the issues are "no longer 'live'" or when the parties lack a legally cognizable interest in the outcome. *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 8. Moot cases are dismissed because "'[t]he *requested relief has been obtained,* it serves no further purpose, it is no longer within the court's power, or it is not disputed.'" (Emphasis added.) *Williams-Lindsey v. Ohio Dept. of Health*, 2020-Ohio-1337, ¶ 21 (11th Dist.), quoting *Cent. Motors Corp. v. Pepper Pike*, 9 Ohio App.3d 18, 19 (8th Dist. 1983).

{¶27}  A prohibition action is not necessarily moot simply because the act sought to be prevented has already occurred. *State ex rel. Consumers' Counsel v. Pub. Util. Comm.*, 2004-Ohio-2894, ¶ 11. "[U]nder certain circumstances a writ of prohibition may be granted to prevent the future unauthorized exercise of jurisdiction *and* to 'correct the results of previously jurisdictionally unauthorized actions[.]'" (Emphasis in original.) *Ames*

Case No. 2025-T-0075

at ¶ 8, quoting *State ex rel. Wilkinson v. Reed*, 2003-Ohio-2506, ¶ 14. A court may rely on extrinsic evidence to determine mootness. *Id.* at ¶ 5-6.

{**¶28**} This case deals with Respondent's failure to comply with the mandate set forth in our decision in *In re A.W.*, 2025-Ohio-3198 (11th Dist.), which ordered legal custody be returned to Aunt.

{**¶29**} R.C. 2151.011(B)(21) defines "[l]egal custody" as "a legal status that vests in the custodian the right to have *physical care and control* of the child and *to determine where and with whom the child shall live*, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities." (Emphasis added.)

{**¶30**} R.C. 2151.42(B) provides:

*An order of disposition* issued under division (A)(3) of section 2151.353, division (A)(3) of section 2151.415, or section 2151.417 of the Revised Code *granting legal custody of a child to a person is intended to be permanent in nature*. A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, *and* that modification or termination of the order is necessary to serve the best interest of the child.

(Emphasis added.)

{**¶31**} The statute provides that the threshold requirement of a change in circumstances be met before the court can "move on to the second prong of the test to determine whether" modification of legal custody is necessary to serve the best interest of the child. *In re A.P.*, 2021-Ohio-1229, ¶ 16 (9th Dist.). The statute does not distinguish

Case No. 2025-T-0075

between parents and non-parents who have been granted legal custody. *In re A.S.*, 2025-Ohio-1349, ¶ 19 (9th Dist.).

{¶32}  While visitation can be changed based on the best interest of the child alone, a change in legal custody is subject to a change in circumstances standard "because some degree of permanence or finality is necessary in custody determinations." *In re J.S.*, 2012-Ohio-4461, ¶ 27 (11th Dist.). Although visitation and custody are related, they are distinct legal concepts. *Id.* at ¶ 28. ""Custody" resides in the party or parties who have the right to ultimate legal and physical control of a child. "Visitation" resides in a noncustodial party and encompasses that party's right to visit the child.'" *Id.*, quoting *Braatz v. Braatz*, 1999-Ohio-203, ¶ 16.

{¶33}  Notably, a change in circumstances of a non-custodial parent cannot trigger "a best interest inquiry under R.C. 2151.42(B)" because the "statute limits the change-in-circumstances determination to two individuals: (1) 'the child' or (2) 'the person who was granted legal custody.'" *In re B.J.*, 2009-Ohio-6485, ¶ 18 (1st Dist.). "[I]f a custody award has previously been made to a nonparent, the party seeking to modify that award must show a change-in-circumstances/best-interest issue even if the noncustodial party is a parent and the custodial party is a nonparent." *Purvis v. Hazelbaker*, 2009-Ohio-765, ¶ 10 (4th Dist.).

{¶34}  "R.C. 2151.42 does not define what constitutes a change in circumstance." *In re E.S.*, 2023-Ohio-1009, ¶ 58 (5th Dist.). However, a change in circumstances must be "a change of substance, not slight or inconsequential." *Davis v. Flickinger*, 1997-Ohio-260, ¶ 11.

Case No. 2025-T-0075

**Analysis**

{¶35}  Relator alleged in its Petition that Respondent did not issue a judgment entry complying with our mandate until September 30, 2025. Relator also alleged that Respondent failed to enforce our mandate by issuing an ex parte judgment entry granting Father temporary custody. Moreover, on October 23, 2025, Respondent issued a follow-up entry stating that "legal custody" would "remain with" Aunt but that "Father [would] exercise companionship in accordance with the residential parent of this court's standard order of visitation," leaving Aunt with A.W. "every other weekend."

{¶36}  According to the representations of the parties, Relator has now received its relief. Aunt has legal custody of A.W. (including physical possession) in compliance with our September 8, 2025 Mandate. Respondent's March 16, 2026 Nunc Pro Tunc Judgment Entry states that any party seeking a change in custody must file a request for change of custody in order to proceed. Because of the Alternative Writ this Court issued, Respondent has acknowledged that its October 16, 2025 Ex Parte Judgment Entry has no effect. Because Relator has received its requested relief, this action serves no further purpose and must be dismissed.

{¶37}  Father's rights and the trial court's continuing jurisdiction must be exercised in accordance with the law of the case as it was established in *In re A.W.*, 2025-Ohio-3198 (11th Dist.), which found the trial court erred and ordered that Aunt have legal custody of A.W.

{¶38}  Therefore, no change in custody may be granted without recognizing the permanent nature of the current custody order. Further, the trial court must determine that there has been a change in circumstances of either Aunt or A.W. since September 30,

Case No. 2025-T-0075

2025, that did not arise from Respondent's illegal order granting Father custody on March 13, 2025, which we reversed. In addition, if there has been a change in circumstances, any change in custody must be in A.W.'s best interest.

{¶39} We cannot compel Respondent to take any further action, and there is no imminent action which we must prohibit or correct. Accordingly, we dismiss Relator's Petition for Writ of Mandamus and/or Prohibition as moot.

JOHN J. EKLUND, J., EUGENE A. LUCCI, J., ROBERT J. PATTON, J., concur.

Case No. 2025-T-0075

# JUDGMENT ENTRY

For the reasons stated in the Per Curiam Opinion of this Court, Relator's Petition for Writ of Mandamus and/or Prohibition is dismissed as moot.

Costs to be taxed equally between the parties.

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0075